**WILSON vs. HIS CREDITORS.**

APPEAL FROM THE COMMERCIAL COURT OF NEW ORLEANS.

Where it is not shown, or does not appear that the insolvent was a merchant or trader, or ever kept any books, he will not be denied the benefit of the insolvent laws, for not depositing any in court.

When the evidence of the debt and writ of arrest are produced, it is sufficient to show the debtor is in actual custody, and to entitle him to the benefit of the law for the relief of debtors in actual custody.

This case arises under the insolvent laws of 1808, for the relief of debtors in actual custody. The petitioner set out his affairs in a detailed statement and schedule annexed to his petition containing a list of his debts and the names of his creditors as far as he can ascertain them, and also his property, claims, rights and credits, which he surrendered in open court for the benefit of all his creditors, and made an assignment under oath, upon which the judge presiding discharged him from further imprisonment.

R. L. Baker, an opposing creditor, appealed.

The facts of the case are fully stated in the opinion of this court.

*G. B. Ducan,* for the appellant, urged the reversal of the judgment on the grounds stated in the opinion which follows:

*Simon, J.* delivered the opinion of the court.

This is a case in which the plaintiff, a resident of the city of Houston in the republic of Texas, represents himself to be in the actual custody of the sheriff of the parish of Orleans, and claims the benefit of the laws of insolvency, under the act of the 25th of March, 1808. He states that having been arrested on *mesne process* at the suit of Willis Stewart and R. L. Baker, judgments were obtained against him, after which he was surrendered by his securities, and compelled to take the prison limits to prevent the confinement of his person in the walls of the public jail. He annexed to his petition a schedule of his affairs, whereupon the Commercial Court

5    VOL. XIX.

granted an order that the petitioner's creditors be notified to appear in open court on the day therein fixed, to show cause why he should not obtain the relief by him prayed for.

On the day appointed for the appearance of the creditors, one of them, R. L. Baker, appeared by his counsel, and filed an opposition to the discharge of the applicant, on the following grounds: 1st. That he had not presented to the court a schedule exhibiting a full statement of his affairs, the names of his creditors, their residences, and the nature and amount of the debts respectively due to each of them.

2d. That he has not deposited his books and accounts, nor has he deposited the documents showing his titles to the property mentioned in his schedule.

3d. That he cannot assign to his creditors the property described in his schedule, because the same is real estate situated in Texas; that by the constitution and laws of the said republic, aliens are not permitted to hold or receive any real property, and are expressly forbidden to do so.

4th. That the schedule does not contain a sufficient description of the property surrendered, nor is it accompanied by any title papers or documents by which the assignees could substantiate any claim to the same.

5th. That the petition and schedule are so general and uncertain that it is impossible to acquire any knowledge of the real situation of the applicant's affairs.

And 6th. That the petitioner is not in actual custody, as by him alleged.

This opposition was tried on the day the same was filed, and the grounds therein contained having all been overruled by the inferior court, a judgment was rendered in favor of the applicant, discharging him from the custody of the sheriff, and from imprisonment on all manner of debts which he may heretofore have contracted as set forth in his schedule. From this judgment, the opponent appealed.

It is to be noticed that the opposition is not founded upon any allegation or suggestion of fraud against the insolvent, but

is merely predicated on the imperfect or insufficient statement by him made in his schedule, and upon his not producing his books and accounts.

I. This ground of opposition appears to us untenable : from an inspection of the schedule, the law appears to have been sufficiently complied with; the names of the applicant's numerous creditors are all therein mentioned; as also their residences and amounts due to them respectively, except in the cases where those residences and amounts were unknown to the debtor.

II. There is no evidence that the insolvent was a merchant or trader in Texas or any where else, at the time of his failure; nor is it shown that he ever kept any books and accounts. There is moreover the circumstance of his having, several years before, made a surrender of his property in this State ; in consequence of which all the books and papers which he then had, were put in the hands of a syndic, as it is fully explained in his petition and schedule: and no proof has been adduced to contradict the statements therein contained.

Where it is not shown or does not appear that the insolvent was a merchant or trader or ever kept any books, he will not be denied the benefit of the insolvent laws for not depositing any in court.

III. The constitution and laws of the republic of Texas have not been furnished us, it may be true that aliens are not permitted to hold or receive any real estate in that country; yet, in the absence of those laws we cannot say that this ought to and even to the prejudice of the insolvent, who appears to have done all in his power to surrender what he possesses there; and as his estate is to be converted into money to be divided among his creditors, said creditors will perhaps be allowed, under the assignment, to sell the lands surrendered, to Texian citizens, and thereby will attain their object.

IV. It is neither shown nor even alleged that the insolvent had any of his title papers in his possession when he made his surrender; such titles, which must have emanated from the Texian government, may perhaps proceed from land offices and places of record in Texas, where it will not be difficult for the creditors, to trace them.

EASTERN DIS.    V. This general ground has already been disposed of by
*June*, 1841.   our remarks on the 1st, 2d and 4th grounds.

KENDRICK'S          VI. The records of the suits of Stewart and Baker against
HEIRS          the insolvent, show that he was arrested and held to bail; he
*vs.*
KENDRICK.      also swears he is in actual custody; and the denial of this fact

When the    on the part of the opponent, ought to have been supported by
evidence of the
debt and writ  evidence.
of arrest are
produced, it is    On the whole, it seems to us that under the circumstances
sufficient to
show the debtor of the case, and from the explanatory statement contained in
is in actual cus-
tody and to en- his petition and schedule, the insolvent has done all that he
title him to the
benefit of the could possibly do; and that in the absence of any allegation
law for the re-
lief of debtors of fraud against him, the judge *a quo* did not err in granting
in actual cus-
tody.          him the relief applied for under our insolvent laws.

It is therefore ordered, adjudged and decreed that the judg-
ment of the commercial court be affirmed with costs.